UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FELECIA D. DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | Case No. _____ |
| **EDUARDO VARGAS-REYES; AMICA** | § | |
| **MUTUAL INSURANCE COMPANY and** | § | |
| **CAROLINA J. GLENN,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Amica Mutual Insurance Company ("Amica Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff Felecia D. Davis ("Plaintiff") seeks redress from Defendant Amica Mutual and improperly joined tort-feasor, Eduardo Vargas-Reyes, who has already settled, and employee-adjuster Carolina J. Glenn, seeking declaratory relief as to her rights under her under insured motorists ("UM") benefits under the subject Amica Mutual policy, arising from an October 14, 2013 motor vehicle accident.

2. Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.

3. In contrast, Defendant Amica Mutual is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a mutual insurance company duly organized, incorporated and existing under the laws of the State of Rhode Island and with its principal place of business in the State of Rhode Island.

4. Defendant Vargas-Reyes is alleged to be a citizen of Texas, but his citizenship is not relevant, since Plaintiff's claims against him have been settled.

5. Defendant employee-adjuster Glenn, although not a proper party to this lawsuit, is a citizen of Texas. Defendant Glenn' consent to this removal is not required because she has been improperly joined. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

6. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In particular, Plaintiff's Second Amended Petition seeks monetary relief in excess of $100,000.00, but less than $200,000.00.

6. Defendant Amica Mutual files its Notice of Removal within thirty days of service of Plaintiff's Second Amended Petition. This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    Diversity Jurisdiction Exists**

7. Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas [Exhibit K at 2]. In contrast, Defendant Amica Mutual, is now, and was at the time of removal, and the time of the filing of the instant lawsuit, a mutual insurance company duly organized, incorporated and existing under the laws of the State of Rhode Island and with its principal place of business in the State of Rhode Island. Vargas-Reyes' citizenship is irrelevant, since he has settled with the Plaintiff. <u>Additionally, as discussed below, the in-state citizenship of Defendant employee-adjuster Glenn is disregarded because she was improperly joined to defeat diversity</u>. Thus, diversity of citizenship between the parties exists.

8.	In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441.  Specifically, Plaintiff alleges that he seeks "monetary relief over $100,000 but less than $200,000" [Exhibit K at 1-2]. *Wright v. Spindletop Films*, L.L.C., 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**B.	Defendant Vargas Reyes's Citizenship may be Disregarded as he has Settled**

9.	Plaintiff, in her Second Amended Petition, asserts that "Plaintiff's claims against Eduardo Vargas-Reyes have been settled" [Exhibit K at 2].  "Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex. 1983). A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact. *Gevinson v. Manhattan Constr. Co.,* 449 S.W.2d 458, 467 (Tex. 1969).  Hence, Plaintiff has judicially admitted that she has settled with Vargas-Reyes, barring her from disputing this admitted fact.  As such, under Texas law, Vargas-Reyes is no longer effectively a party to the case, and his citizenship is not relevant to jurisdiction.  *Estate of Martineau v. ARCO Chem. Co.* 203 F.3d 904 (5th Cir. 2000).

**C.     Defendant Employee-Adjuster Glenn Been Improperly Joined**

10.     With regard to Plaintiff's claims against Defendant employee-adjuster Glenn, it is clear that Glenn has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction, and that Glen's citizenship should therefore be disregarded in determining this Court's subject matter jurisdiction.

11.     The doctrine of improper joinder, or fraudulent joinder,[1] ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Davis v. Metropolitan Lloyds Ins. Co. of Texas*, 2015 WL 456726, *3 (N.D. Tex. Feb. 3, 2015) (McBryde, J.) (holding that employee-adjuster of defendant insurer was improperly joined to defeat diversity and disregarding adjuster's presence as a defendant in the lawsuit).  As aptly stated by the court in *Davis*:

> Certain attorneys representing insureds/claimants who are citizens of Texas and who are dissatisfied with the non-citizen insurer's response to the insured's/claimant's policy demand have developed a practice of filing suit in state court against the non-citizen insurer and an insurance adjuster or agent who is a citizen of Texas with the goal of preventing the insurance company from exercising its right to have the case removed to and heard by a federal court.  The instant action is one of those suits.

*Id.*

12.     Like *Davis*, the subject lawsuit represents yet another attempt by the Plaintiffs' bar to defeat a diverse insurer's right to defend a policyholder's claim for policy benefits in federal court by naming a non-diverse insurance adjuster or agent as a defendant, without alleging any legal or factual basis to support an actionable claim against the non-diverse

---

[1] The Fifth Circuit prefers the term "improper joinder" because it is more consistent with the statutory language of 28 U.S.C. §§ 1141 and 1332.  *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

defendant. Citizenship of an improperly joined party is totally disregarded in determining a court's subject matter jurisdiction based on diversity. *Smallwood*, 385 F.3d at 572.

13. Improper joinder is established by a defendant's showing of: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[2] *Smallwood*, 385 F.3d at 573. The test for improper joinder under the second basis is a showing by the removing defendant that there is no possibility of recovery by the plaintiff against the in-state defendant, or in other words, that "there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the in-state defendant." *Id.* A "reasonable basis" means more than a mere "hypothetical possibility" that such a claim could exist. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether that plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery").

14. In determining whether a plaintiff has a "reasonable basis" for recovery under state law, the Court may "conduct a Rule 12(b)(6)-type analysis" of the plaintiff's pleading to decide whether the allegations state a claim against the in-state defendant under state law, or the Court may conduct a summary judgment-type inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573.

15. In conducting a Rule 12(b)(6) analysis of the plaintiff's pleading,[3] the Court must first determine whether it is appears from the petition that the plaintiff actually intended to sue the non-diverse defendant, *i.e.*, whether "the record … supports any inference that the [plaintiff]

---

[2]The latter basis is alleged by Amica Mutual in this case.

[3]The right to remove depends upon the plaintiff's pleading at the time of removal (here, Plaintiff's Second Amended Petition [Exhibit K]). *See Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995).

intended to actively pursue claims" against the non-diverse insurance agent or adjuster. *Griggs*, 181 F.3d at 699. Factors for the Court to consider include whether the defendant-adjuster is merely minimally mentioned and whether any actionable claims are specifically alleged against him. *Id.* The failure to specify a legal and factual basis for a claim against a non-diverse insurance agent or adjuster constitutes a failure to state claim against the non-diverse party and results in improper joinder of that party. *Id.*; *Davis v. Metropolitan Lloyds,* 2015 WL 456726, at *2-3 (holding that conclusory "boilerplate" allegations against non-diverse employee-adjuster related to adjuster's investigation and undervaluing of plaintiff's property damage claim failed to state an actionable state law claim and that employee-adjuster was improperly joined to defeat diversity).

16. Plaintiff's Second Amended Petition fails to allege any facts establishing an actionable claim against Glenn, individually. In fact, Plaintiff fails to assert any claim at all against Glenn. In fact, the only mention of Glen is in the "Parties" section (a bare listing of name and address) and a single sentence claiming "Defendant AMica Mutual Insurance company, acting through its agent Jennifer Carolina J. Glenn [sic] declined to make an offer of settlement of Plaintiff Felicia D. Davis' claim under the underinsured motorists provision of the Insurance Policy" [Exhibit K at 5]. Nowhere else is Glenn mentioned, and none of the affirmative claims in the Petition are asserted against her in any capacity.

17. Additionally, the only claim asserted against Amica Mutual is one for declaratory relief, construing the underinsured motorists portion of the Amica Mutual insurance policy; there is no allegation that Glen was a party to this policy. Plaintiff has simply failed to assert ***any*** claim against Glenn.[4]

---

[4] While Texas generally follows a "fair notice" pleading standard, Texas federal district courts, including courts in this District, have recently employed a "heightened" pleading standard in determining

18.     Additionally, in the UM/UIM context, Texas law clearly states that a UM/UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and uninsured/underinsured status of the other motorist. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). In this case, there is no judgment establishing the other motorist's liability and uninsured status, or Plaintiff's resulting damages, if any. Importantly, Plaintiff does not even allege a breach of contract cause of action against Amica Mutual or Glenn, only a claim for a declaration under the insurance policy, which as to Glenn, individually, fails to state a claim under Texas law—as a matter of law.

19.     For the reasons stated above, Glenn has been improperly joined to defeat diversity and her presence in the case should therefore be disregarded in the Court's determination of whether complete diversity exists.

C.     **Removal Is Timely**

20.     Defendant Amica Mutual was served with a copy of Plaintiff's Second Amended Petition (the only Petition served on Amica Mutual) on September 23, 2015 [Exhibit O]. Amica Mutual files this Notice of Removal within thirty days after service. 28 U.S.C. § 1446(b)(1). In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

---

whether an individual in-state defendant has been improperly joined to defeat diversity. *See, e.g., Davis v. Metropolitan Lloyds*, 2015 WL 456726, at *2 (holding that based on the "drastic change" in Texas' pleading requirements brought about by the Texas Supreme Court's recent adoption of TEX. R. CIV. P. 91(a) governing dismissal of baseless causes of action, the pleading standard in Texas is now "substantially the same" as the federal standard, as outlined by the United States Supreme Court in *Twombly* and *Iqbal*); *Hayden v. Allstate Lloyds*, 2011 WL 240388, *7-8 (S.D. Tex. Jan. 20, 2011) (Harmon, J.) (applying federal pleading standard to plaintiff's claim against in-state insurance adjusters for violations of Texas Insurance Code in finding that adjusters were improperly joined to defeat diversity).

### III. COMPLIANCE WITH REMOVAL PROCEDURES

25. Attached to this Notice of Removal as Exhibits A - P are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

   A. Civil Docket Sheet/Register of Actions;

   B. Plaintiff's Original Petition, filed March 19, 2015;

   C. Civil Case Information Sheet, filed March 19, 2015;

   D. Jury Demand, filed March 19, 2015;

   E. Citation on Eduardo Vargas Reyes issued April 4, 2015;

   F. Notice of Initial Dismissal Hearing, signed April 7, 2015;

   G. Return of Service for Eduardo Vargas Reyes, filed April 22, 2015;

   H. Notice of Status Conference, dated July 8, 2015;

   I. Plaintiff's First Amended Petition, filed August 12, 2015;

   J. Notice of Status Conference, dated August 17, 2015;

   K. Plaintiff's Second Amended Petition, filed August 24, 2015;

   L. Citation on Amica Mutual Insurance Company issued September 9, 2015;

   M. Citation on Carolina J. Glenn issued September 9, 2015;

   N. Return of Service for Carolina J. Glenn, filed September 25, 2015;

   O. Return of Service for Amica Mutual Insurance Company, filed October 2, 2015; and

   P. Defendants' Original Answer, filed October 9, 2015.

26. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the 193rd Judicial District Court of Dallas County, Cause No. DC-15-03183.

27.     Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

WHEREFORE, PREMISES CONSIDERED, Defendant Amica Mutual Insurance Company requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN,
& SALINAS, L.L.P.**

*/s/ Paul W. Bennett*
**PAUL W. BENNETT**
State Bar No. 00787071
paul.bennett@fletcherfarley.com
**ALEX J. BELL**
State Bar No. 24069359
alex.bell@fletcherfarley.com
9201 North Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

**ATTORNEYS FOR DEFENDANT
AMICA MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following counsel:

Javier Gonzalez
Amy K. Witherite
Eberstein & Witherite, LLP
3100 Monticello Ave., Ste. 500
Dallas, Texas  75205

**ATTORNEYS FOR PLAINTIFF**

                                    */s/ Paul W. Bennett*
                                    **PAUL W. BENNETT**