# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **FELECIA D. DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Case No. _____** |
| **EDUARDO VARGAS-REYES; AMICA** | § | |
| **MUTUAL INSURANCE COMPANY and** | § | |
| **CAROLINA J. GLENN,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendant's Notice of Removal:

A.     Civil Docket Sheet/Register of Actions;

B.     Plaintiff's Original Petition, filed March 19, 2015;

C.     Civil Case Information Sheet, filed March 19, 2015;

D.     Jury Demand, filed March 19, 2015;

E.     Citation on Eduardo Vargas Reyes issued April 4, 2015;

F.     Notice of Initial Dismissal Hearing, signed April 7, 2015;

G.     Return of Service for Eduardo Vargas Reyes, filed April 22, 2015;

H.     Notice of Status Conference, dated July 8, 2015;

I.     Plaintiff's First Amended Petition, filed August 12, 2015;

J.     Notice of Status Conference, dated August 17, 2015;

K.     Plaintiff's Second Amended Petition, filed August 24, 2015;

L.     Citation on Amica Mutual Insurance Company issued September 9, 2015;

M.      Citation on Carolina J. Glenn issued September 9, 2015;

N.      Return of Service for Carolina J. Glenn, filed September 25, 2015;

O.      Return of Service for Amica Mutual Insurance Company, filed October 2, 2015; and

P.      Defendants' Original Answer, filed October 9, 2015.

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back          Location : All District Civil Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-03183

| | | |
|---|---|---|
| **FELICIA DAVIS vs. EDUARDO REYES, et al** | § § § § § | Case Type: **MOTOR VEHICLE ACCIDENT**<br>Date Filed: **03/19/2015**<br>Location: **193rd District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **AMICA MUTUAL INSURANCE COMPANY** | **PAUL WILLIAM BENNETT**<br>*Retained*<br>214-987-9600(W) |
| **DEFENDANT** | **GLENN, CAROLINA J** | **PAUL WILLIAM BENNETT**<br>*Retained*<br>214-987-9600(W) |
| **DEFENDANT** | **REYES, EDUARDO VARGAS** | |
| **PLAINTIFF** | **DAVIS, FELICIA D.** | **AMY K WITHERITE**<br>*Retained*<br>214-378-6665(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/19/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 03/19/2015 | **ORIGINAL PETITION** |
| | *Plt's Original Petition* |
| 03/19/2015 | **CASE FILING COVER SHEET** |
| | *Plt Civil Coversheet* |
| 03/19/2015 | **ISSUE CITATION** |
| | *EMAIL TO :MLEE@EWLAWYERS.COM* |
| 03/19/2015 | **JURY DEMAND** |
| 04/04/2015 | **CITATION** |
| | *ESERVE 4762422* |
| | REYES, EDUARDO VARGAS |

| | | | |
|---|---|---|---|
| | | Served | 04/15/2015 |
| | | Returned | 04/22/2015 |

| | |
|---|---|
| 04/06/2015 | **CITATION ISSUED** |
| 04/22/2015 | **RETURN OF SERVICE** |
| | *CITATION RETURN* |
| 07/09/2015 | *CANCELED* **DISMISSAL FOR WANT OF PROSECUTION** (1:30 PM) (Judicial Officer GINSBERG, CARL) |
| | *BY COURT ADMINISTRATOR* |
| 08/12/2015 | **ISSUE CITATION** |
| | *ISSUE CITATIONS ON SECOND AMENDED PETITION. SLA* |
| 08/12/2015 | **AMENDED PETITION** |
| | *1ST* |
| 08/17/2015 | *CANCELED* **Status Conference** (1:30 PM) (Judicial Officer GINSBERG, CARL) |
| | *BY COURT ADMINISTRATOR* |
| 08/24/2015 | **AMENDED PETITION** |
| | *2ND* |
| 09/09/2015 | **CITATION** |
| | *SECOND AMENDED* |

| | | | |
|---|---|---|---|
| | GLENN, CAROLINA J | Served | 09/21/2015 |
| | | Returned | 09/25/2015 |
| | AMICA MUTUAL INSURANCE COMPANY | Served | 09/23/2015 |
| | | Returned | 10/02/2015 |

| | |
|---|---|
| 09/09/2015 | **CITATION ISSUED** |
| 09/25/2015 | **RETURN OF SERVICE** |
| | *RETURN OF SERVICE - CAROLINA GREEN* |
| 10/02/2015 | **RETURN OF SERVICE** |
| | *RETURN OF SERVICE- AMICA INSURANCE* |
| 10/09/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| 10/09/2015 | **JURY DEMAND** |
| 10/19/2015 | *CANCELED* **Status Conference** (1:30 PM) (Judicial Officer GINSBERG, CARL) |
| | *BY COURT ADMINISTRATOR* |
| 03/22/2016 | **Jury Trial - Civil** (9:30 AM) (Judicial Officer GINSBERG, CARL) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **DEFENDANT** GLENN, CAROLINA J | | | |
| | Total Financial Assessment | | | 30.00 |
| | Total Payments and Credits | | | 30.00 |
| | **Balance Due as of 10/20/2015** | | | **0.00** |
| 10/09/2015 | Transaction Assessment | | | 30.00 |
| 10/09/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 60415-2015-DCLK | GLENN, CAROLINA J | (30.00) |

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** DAVIS, FELICIA D. | | | |
| | Total Financial Assessment | | | 331.00 |
| | Total Payments and Credits | | | 331.00 |
| | **Balance Due as of 10/20/2015** | | | **0.00** |
| 03/23/2015 | Transaction Assessment | | | 315.00 |
| 03/23/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 16583-2015-DCLK | DAVIS, FELICIA D. | (315.00) |
| 08/14/2015 | Transaction Assessment | | | 16.00 |
| 08/14/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 47845-2015-DCLK | DAVIS, FELICIA D. | (16.00) |

FILED
DALLAS COUNTY
3/19/2015 5:01:26 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. _____   DC-15-03183

| | | |
|---|---|---|
| **FELICIA D. DAVIS;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **EDUARDO VARGAS REYES;** | § | |
| | § | |
| **Defendant.** | § | **_____JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,
FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS,
FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG
TO DEFENDANT**

**TO THE HONORABLE COURT:**

COMES NOW FELICIA DAVIS, Plaintiff, complaining of Eduardo Vargas

Reyes, Defendant, and respectfully shows the Honorable Court and Jury as

follows:

**I.**

**DISCOVERY CONTROL PLAN**

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

**REMOVAL FROM EXPEDITED TRIAL**

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the jurisdictional

limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure,

Plaintiff's counsel states that Plaintiff seeks monetary relief of over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.

## PARTIES

Plaintiff Felicia Davis is a resident of Grand Prairie, Dallas County, Texas. Her driver's license number is ***** 860 and her social security number is ***-**-* 129.

Defendant Eduardo Vargas Reyes is an individual resident of Dallas, Dallas County, Texas and may be served with process at 3113 Chihuahua Avenue, Dallas, Texas 75212.

## IV.

## JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action because the collision in question occurred in Dallas County, Texas.  Venue therefore, is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.

## FACTS

This lawsuit arises as a result of a motor vehicle collision that occurred on Monday, October 14, 2013, in the 100 block of East R.L. Thornton Freeway near Lamar Street in Dallas, Dallas County, Texas.  At the time and on the occasion in question, Plaintiff Felicia Davis was driving her vehicle eastbound on the East R.L. Thornton Freeway bridge in the inside left lane.  Defendant Eduardo Vargas Reyes was driving his vehicle eastbound on the East R.L. Thornton Freeway bridge in the outside right lane.  As both vehicles were coming around a curve in the road, Defendant Eduardo Vargas Reyes lost control of his vehicle and slid left colliding hard with the right back passenger side of Plaintiff's vehicle and then colliding a second time with the right front passenger side of Plaintiff's vehicle. The force of the impacts pushed Plaintiff's vehicle to the left causing the left driver's side of Plaintiff's vehicle to crash into the guardrail.  As a result of the collision, Plaintiff Felicia Davis was injured and continues to suffer injuries and damages from this incident.

## VI.

## CAUSES OF ACTION

At the time of the collision, Defendant Eduardo Vargas Reyes was operating his vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.     Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances.

2.     Defendant was driving at an excessive speed for the existing circumstances;

3.     Defendant failed to control his vehicle;

4.     Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

5.     Defendant failed to keep an assured safe distance from Plaintiff's vehicle.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**VII.**

**DAMAGES**

As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.     Medical expenses in the past and future;

b.     Lost wages in the past and loss of earning capacity in the future;

c.     Physical pain and suffering in the past and future;

d.     Mental anguish in the past and future; and

e.     Physical impairment in the past and future.

## VIII.

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX.

## <u>DISCOVERY DOCUMENTS</u>

Contemporaneously with this petition, Plaintiff serves Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to the Defendant Eduardo Vargas Reyes.

## X.

## <u>INTENT TO USE DISCOVERY DOCUMENTS</u>

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## XI.

## <u>U.S. LIFE TABLES</u>

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.

## <u>JURY TRIAL</u>

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XIII.

## <u>RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendant be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendant for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

5.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

6.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.   Interest on the judgment at the legal rate from the date of judgment;

8.   Pre-judgment interest on Plaintiff's damages as allowed by law;

9.   All costs of court; and

10.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


By:   _/s/ Javier Gonzalez_
**JAVIER GONZALEZ**
State Bar No. 24027331
jgonzalez@ewlawyers.com
**AMY K. WITHERITE**
State Bar NO. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
(214) 378-6665
(214) 378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
3/19/2015 5:01:26 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 12 of 64   PageID 22

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: _____   Email: _____ | Plaintiff(s)/Petitioner(s): _____ _____ | ☐Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address: _____   Telephone: _____ | | **Additional Parties in Child Support Case:** |
| City/State/Zip: _____   Fax: _____ | Defendant(s)/Respondent(s): _____ _____ | Custodial Parent: _____ <br>Non-Custodial Parent: _____ |
| Signature: _____   State Bar No: _____ | _____ | Presumed Father: _____ |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| | *Civil* | | | *Family Law* | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child:<br>_____ | |
| **Employment** | **Other Civil** | | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment:<br>_____ | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | | |
| **Tax** | | *Probate & Mental Health* | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

FILED
DALLAS COUNTY
3/19/2015 5:01:26 PM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-03183

FELICIA DAVIS

vs.

EDUARDO REYES

193rd District Court

## **ENTER DEMAND FOR JURY**

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $30

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**EDUARDO VARGAS REYES**
**3113 CHIHUAHUA AVENUE**
**DALLAS TX  75212**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court  **19th day of March, 2015** against

**EDUARDO VARGAS REYES**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
     /s/ Shelia Bradley
     SHELIA BRADLEY



---

**ESERVE**

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
**vs.**
**EDUARDO VARGAS REYES**

ISSUED THIS
**4th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy

---

**Attorney for Plaintiff**
AMY K WITHERITE
MLEE@ELAWYERS.COM
500 E 4TH ST #200
FT WORTH TX  76102
817-336-5533

---

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

 vs.

EDUARDO VARGAS REYES


Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.


| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.


_____

Notary Public_____County_____



DC-15-03183

| | |
|---|---|
| **FELICIA DAVIS** | **IN THE DISTRICT COURT** |
| **vs.** | **193RD JUDICIAL DISTRICT** |
| **EDUARDO REYES** | **DALLAS COUNTY TEXAS** |

<u>**NOTICE OF INITIAL DISMISSAL HEARING**</u>

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY, July 09, 2015,** at 1:30 p.m. in the 193rd District Court Courtroom.

1.   If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.   If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.   If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing is hereby reset for the Friday four weeks following the initial date of the Dismissal Hearing (*i.e.* the date listed above).  (If this Friday falls on a holiday, the Dismissal Hearing is reset to the next Friday that is not a holiday.)  No further dismissal notice will be sent, and you are expected to obtain a default judgment before the reset date of the Dismissal Hearing, or the case is subject to being dismissed.

4.   If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this April 07, 2015

*Carl Ginsberg*

_____

The Honorable Carl Ginsberg
193rd Judicial District Court

FILED
DALLAS COUNTY
4/22/2015 10:09:33 AM
Dianne Coffey
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 17 of 64   PageID 27

## Cause No. DC-15-03183

FELICIA D. DAVIS

VS.

EDUARDO VARGAS REYES

IN THE DISTRICT COURT

193RD JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## RETURN OF SERVICE

Came to hand on the 14th day of APRIL , 2015 at 12:00 P.m. and executed at 3113 CHIHUAHUA ST. — DALLAS TX 75212 ,

(Address)   (Apt#)   (City)   (State)   (Zip Code)

within the county of DALLAS on the 15th day of APRIL , 2015 at 5:20 P.m. by delivering to **EDUARDO VARGAS REYES**, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition, Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendant filed in this cause, having first endorsed thereupon the date of delivery.

By: _____

Private Process Server

SCH# 804 Expires: 9/30/17

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared JOSE LOZADA known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this 15th day of APRIL , 2015.



KIM LOZADA
MY COMMISSION EXPIRES
February 14, 2017

_____
Notary Public, State of Texas

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**
> **EDUARDO VARGAS REYES**
> **3113 CHIHUAHUA AVENUE**
> **DALLAS TX 75212**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court  **19th day of March, 2015** against

**EDUARDO VARGAS REYES**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By /s/ Shelia Bradley
_____ , Deputy
SHELIA BRADLEY

---

**ESERVE**

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
vs.
**EDUARDO VARGAS REYES**

ISSUED THIS
**4th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SHELIA BRADLEY, Deputy

**Attorney for Plaintiff**
AMY K WITHERITE
MLEE@ELAWYERS.COM
500 E 4TH ST #200
FT WORTH TX 76102
817-336-5533

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

vs.

EDUARDO VARGAS REYES

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



**IN THE DISTRICT COURT**
**193RD JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

7/8/2015

File Copy
No Known Address

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

## NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**August 17, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this July 08, 2015

_____
The Honorable Carl Ginsberg
193rd Judicial District Court



**IN THE DISTRICT COURT**
**193RD JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

7/8/2015

EDUARDO VARGAS REYES
3113 CHIHUAHUA AVENUE
DALLAS TX 75212

In Re:DC-15-03183
**FELICIA DAVIS vs. EDUARDO REYES**

## NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with no activity. Because of this, please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

**August 17, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

SIGNED this July 08, 2015

*Carl Ginsberg*

The Honorable Carl Ginsberg
193rd Judicial District Court



**IN THE DISTRICT COURT**
**193^(RD) JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

7/8/2015

AMY K WITHERITE
3100 MONTICELLO AVE
#500
DALLAS TX  75205

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

## NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**August 17, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this July 08, 2015

_Carl Ginsberg_

_____

The Honorable Carl Ginsberg
193^(rd) Judicial District Court

FILED
DALLAS COUNTY
8/12/2015 5:05:38 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

## CAUSE NO. DC-15-03183

| | | |
|---|---|---|
| **FELICIA D. DAVIS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **EDUARDO VARGAS-REYES; AMICA** | § | |
| **MUTUAL INSURANCE COMPANY AND** | § | |
| **CAROLINA J. GLENN** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **193RD JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG TO DEFENDANTS

### TO THE HONORABLE COURT:

Plaintiff Felicia D. Davis files Plaintiff's First Amended Petition complaining of Defendants Eduardo Vargas-Reyes; Amica Mutual Insurance Company And Carolina J. Glenn.

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. EXPEDITED TRIAL RULE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$100,000, but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Felicia D. Davis is an individual resident of Grand Prairie, Dallas County, Texas. Her driver's license number is *****860 and her social security number is ***-**-*129.

Defendant Eduardo Vargas Reyes is an individual resident of Dallas, Dallas County, Texas. Plaintiff's claims against Eduardo Vargas-Reyes have been settled.

Defendant Amica Mutual Insurance Company is an insurance company licensed to do business in the State of Texas, and said corporation is engaged in writing insurance in Texas. Defendant Amica Mutual Insurance Company may be served with process by serving its registered agent, Robert R. Foss Jr., 2277 Plaza Drive, # 400, Sugar Land, Texas 77479, Dallas, TX 75224.

Defendant Carolina J. Glenn is an individual resident of Dallas, Dallas County, TX. Defendant may be served with process at 2427 Allen Street, # 223, Dallas, TX 75204.

### IV. JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

The court has jurisdiction over each Defendant because the causes of action arise out of the business Defendant conducted in Texas.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore, is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002

## V.  FACTS

This lawsuit arises as a result of a motor vehicle collision that occurred on Monday, October 14, 2013, in the 100 block of East R.L. Thornton Freeway near Lamar Street in Dallas, Dallas County, Texas.  At the time and on the occasion in question, Plaintiff Felicia Davis was driving her vehicle eastbound on the East R.L. Thornton Freeway bridge in the inside left lane.  Defendant Eduardo Vargas Reyes, an underinsured driver, was driving his vehicle eastbound on the East R.L. Thornton Freeway's bridge in the outside right lane.  As both vehicles were coming around a curve in the road, Defendant Eduardo Vargas-Reyes, the underinsured driver, lost control of his vehicle and slid left colliding hard with the right back passenger side of Plaintiff's vehicle and then colliding a second time with the right front passenger side of Plaintiff's vehicle.  The force of the impacts pushed Plaintiff's vehicle to the left causing the left driver's side of Plaintiff's vehicle to crash into the guardrail.  As a result of the collision, Plaintiff Felicia Davis was injured and continues to suffer injuries and damages from this incident.

At the time in question, Felicia D. Davis was acting in a reasonable and prudent manner when Eduardo Vargas-Reyes, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein. Eduardo Vargas-Reyes acts of negligence were as follows:

1.  Eduardo Vargas-Reyes failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances.

2.  Eduardo Vargas-Reyes was driving at an excessive speed for the existing circumstances;

3.  Eduardo Vargas-Reyes failed to control his vehicle;

4.  Eduardo Vargas-Reyes failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

5.  Eduardo Vargas-Reyes failed to keep an assured safe distance from Plaintiff's vehicle.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VI. CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Amica Mutual Insurance Company, Policy No.

9401421766, which insured Plaintiff in the event she was damaged or injured by the negligence of an under insured motorist.  Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action.  Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant Amica Mutual Insurance Company, at said trial.  In this regard, Plaintiff would show that Eduardo Vargas-Reyes was in fact an underinsured motorist as defined by law and the policy in question.

Plaintiff presented her claim for underinsured motorist benefits under the contract of insurance with Amica Mutual Insurance Company.  Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.  Plaintiff presented to Defendants a demand for payment of her claim under the policy.  In response to Plaintiff's demand for the policy limits in the amount of $30,000.00, Defendant Amica Mutual Insurance Company, acting through its agent Jennifer Carolina J. Glenn declined to make an offer of settlement of Plaintiff Felicia D. Davis' claim under the underinsured motorists provision of the Insurance Policy.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have her rights, status, and other legal relationships under the Insurance Policy she purchased from Defendant Amica Mutual Insurance Company, established by a court of competent jurisdiction.  Plaintiff seeks a

declaration from the Court that:

A.    The negligence of Eduardo Vargas-Reyes in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.    Reasonable and necessary health care expenses incurred in the past;

2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.    Loss of earnings in the past;

4.    Loss of earning capacity in the future;

5.    Property damage and loss of use of Plaintiff's vehicle;

6.    Physical pain and suffering in the past;

7.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.    Mental anguish suffered in the past;

9.    Mental anguish which, in all reasonable probability, will be suffered in the future;

10.   Physical impairment suffered in the past; and

11.   Physical impairment which, in all reasonable probability, will be suffered in the future.

B.    Plaintiff's claim for under insured motorist benefits under Policy No. 9401421766, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on October 14, 2013, is covered under the Insurance Policy;

C.    Plaintiff also seeks a declaration determining the amount of under insured motorist benefits that she is entitled to recover from Defendant Amica

Mutual Insurance Company, after all applicable set-offs and credits, for each of

the following elements of damages covered under the Insurance Policy:

    1.    Reasonable and necessary health care expenses incurred in the past;

    2.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

    3.    Lost wages in the past;

    4.    Loss of earning capacity in the future;

    5.    Property damage and loss of use of Plaintiff's vehicle;

    6.    Physical pain and suffering in the past;

    7.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

    8.    Mental anguish suffered in the past;

    9.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    10.    Physical impairment suffered in the past; and

    11.    Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code,

Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are

equitable and just, which are incurred or which may be incurred in this matter

including all such fees and expenses:

    a.    For preparation and trial;

    b.    For an appeal to the Court of Appeals;

    c.    For making or responding to an application for writ of error to

the Supreme Court of Texas; and

d.     If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant Amica Mutual Insurance Company and for a declaration of her rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the under insured motorist, Plaintiff is entitled to recover at least the following damages from Defendant Amica Mutual Insurance Company:

a.     Reasonable and necessary health care expenses incurred in the past;

b.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c.     Lost wages in the past;

d.     Loss of earning capacity in the future;

e.     Property damage and loss of use of Plaintiff's vehicle;

f.     Physical pain and suffering in the past;

g.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

h.     Mental anguish suffered in the past;

i.   Mental anguish which, in all reasonable probability, will be suffered in the future;

j.   Physical impairment suffered in the past; and

k.   Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the

Defendant is requested to disclose, within fifty (50) days of service of this

request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant

Plaintiff's First Set of Interrogatories, First Request for Admissions, and First

Request for Production to Defendant Amica Mutual Insurance Company

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.   Plaintiff's future medical expenses;

3.   Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.   Plaintiff's property damage and loss of use of Plaintiff's vehicle;

8.   Interest on the judgment at the legal rate from the date of judgment;

9.   Pre-judgment interest on Plaintiff's damages as allowed by law;

10.    All costs of court; and

11.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY:**/s/ Javier Gonzalez**
    **JAVIER GONZALEZ**
    State Bar No. 24027331
    jgonzalez@ewlawyers.com
    **AMY K. WITHERITE**
    State Bar No. 00788698
    awitherite@ewlawyers.com
    3100 Monticello Avenue, Suite 500
    Dallas, Texas 75205
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFF**



### IN THE DISTRICT COURT
### 193RD JUDICIAL DISTRICT
### DALLAS COUNTY TEXAS

8/17/2015

File Copy
No Known Address

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

### NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**October 19, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this August 17, 2015

_Carl Ginsberg_

The Honorable Carl Ginsberg
193rd Judicial District Court



**IN THE DISTRICT COURT**
**193RD JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

8/17/2015

EDUARDO VARGAS REYES
3113 CHIHUAHUA AVENUE
DALLAS TX  75212

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

<u>**NOTICE OF STATUS CONFERENCE**</u>

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**October 19, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this August 17, 2015

_____
The Honorable Carl Ginsberg
193rd Judicial District Court



### IN THE DISTRICT COURT
### 193RD JUDICIAL DISTRICT
### DALLAS COUNTY TEXAS

8/17/2015

AMICA MUTUAL INSURANCE COMPANY
2277 PLAZA DRIVE #400
SUGAR LAND TX  77479

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

### NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**October 19, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this August 17, 2015

The Honorable Carl Ginsberg
193rd Judicial District Court



## IN THE DISTRICT COURT
## 193RD JUDICIAL DISTRICT
## DALLAS COUNTY TEXAS

8/17/2015

AMY K WITHERITE
3100 MONTICELLO AVE
#500
DALLAS TX  75205

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

### NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**October 19, 2015  at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this August 17, 2015

The Honorable Carl Ginsberg
193rd Judicial District Court



### IN THE DISTRICT COURT
### 193RD JUDICIAL DISTRICT
### DALLAS COUNTY TEXAS

8/17/2015

CAROLINA J GLENN
2427 ALLEN STREET #223
DALLAS TX  75204

In Re:DC-15-03183
**FELICIA DAVIS  vs.  EDUARDO REYES**

### NOTICE OF STATUS CONFERENCE

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**October 19, 2015   at 1:30 p.m.**

Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this August 17, 2015

_Carl Ginsberg_

_____

The Honorable Carl Ginsberg
193rd Judicial District Court

FILED
DALLAS COUNTY
8/24/2015 10:59:06 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 39 of 64   PageID 49

CAUSE NO. DC-15-03183

| | | |
|---|---|---|
| FELICIA D. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EDUARDO VARGAS-REYES; AMICA | § | |
| MUTUAL INSURANCE COMPANY AND | § | |
| CAROLINA J. GLENN | § | |
| | § | |
| | § | |
| **Defendants.** | § | 193RD JUDICIAL DISTRICT |

PLAINTIFF'S SECOND AMENDED PETITION AND REQUEST FOR
DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR
ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR
PRIVILEGE LOG TO DEFENDANTS

TO THE HONORABLE COURT:

Plaintiff Felicia D. Davis files Plaintiff's Second Amended Petition

complaining of Defendants Amica Mutual Insurance Company And Carolina J.

Glenn.

## I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

## II.  EXPEDITED TRIAL RULE

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$100,000, but not more than $200,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff Felicia D. Davis is an individual resident of Grand Prairie, Dallas County, Texas. Her driver's license number is *****860 and her social security number is ***-**-*129.

Defendant Eduardo Vargas Reyes is an individual resident of Dallas, Dallas County, Texas.  Plaintiff's claims against Eduardo Vargas-Reyes have been settled.

Defendant Amica Mutual Insurance Company is an insurance company licensed to do business in the State of Texas, and said corporation is engaged in writing insurance in Texas.  Defendant Amica Mutual Insurance Company may be served with process by serving its registered agent, Robert R. Foss Jr., 2277 Plaza Drive, # 400, Sugar Land, Texas 77479, Dallas, TX 75224.

Defendant Carolina J. Glenn is an individual resident of Dallas, Dallas County, TX.  Defendant may be served with process at 2427 Allen Street, # 223, Dallas, TX 75204.

## IV.  JURISDICTION AND VENUE

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

The court has jurisdiction over each Defendant because the causes of action arise out of the business Defendant conducted in Texas.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore, is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002

## V.  FACTS

This lawsuit arises as a result of a motor vehicle collision that occurred on Monday, October 14, 2013, in the 100 block of East R.L. Thornton Freeway near Lamar Street in Dallas, Dallas County, Texas.  At the time and on the occasion in question, Plaintiff Felicia Davis was driving her vehicle eastbound on the East R.L. Thornton Freeway bridge in the inside left lane.  Defendant Eduardo Vargas Reyes, an underinsured driver, was driving his vehicle eastbound on the East R.L. Thornton Freeway's bridge in the outside right lane.  As both vehicles were coming around a curve in the road, Defendant Eduardo Vargas-Reyes, the underinsured driver, lost control of his vehicle and collided hard with the right back passenger side of Plaintiff's vehicle and then collided a second time with the right front passenger side of Plaintiff's vehicle.  The force of the two impacts pushed Plaintiff's vehicle to the left causing the front of Plaintiff's vehicle to crash into the guardrail.  As a result of these collisions and impacts, Plaintiff Felicia Davis was injured and continues to suffer injuries and damages from this incident.

At the time in question, Felicia D. Davis was acting in a reasonable and prudent manner when Eduardo Vargas-Reyes, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle, which served as a proximate cause of the motor vehicle collision and injuries complained of herein.  Eduardo Vargas-Reyes acts of negligence were as follows:

1.   Eduardo Vargas-Reyes failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances.

2.   Eduardo Vargas-Reyes was driving at an excessive speed for the existing circumstances;

3.   Eduardo Vargas-Reyes failed to control his vehicle;

4.   Eduardo Vargas-Reyes failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

5.   Eduardo Vargas-Reyes failed to keep an assured safe distance from Plaintiff's vehicle.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VI.  CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant Amica Mutual Insurance Company, Policy No.

9401421766, which insured Plaintiff in the event she was damaged or injured by the negligence of an under insured motorist.  Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action.  Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant Amica Mutual Insurance Company, at said trial.  In this regard, Plaintiff would show that Eduardo Vargas-Reyes was in fact an underinsured motorist as defined by law and the policy in question.

Plaintiff presented her claim for underinsured motorist benefits under the contract of insurance with Amica Mutual Insurance Company.  Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.  Plaintiff presented to Defendants a demand for payment of her claim under the policy.  In response to Plaintiff's demand for the policy limits in the amount of $50,000.00, Defendant Amica Mutual Insurance Company, acting through its agent Jennifer Carolina J. Glenn declined to make an offer of settlement of Plaintiff Felicia D. Davis' claim under the underinsured motorists provision of the Insurance Policy.

## VII.  DECLARATORY RELIEF

Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have her rights, status, and other legal relationships under the Insurance Policy she purchased from Defendant Amica Mutual Insurance Company, established by a court of competent jurisdiction.  Plaintiff seeks a

declaration from the Court that:

A.     The negligence of Eduardo Vargas-Reyes in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.     Reasonable and necessary health care expenses incurred in the past;

2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.     Loss of earnings in the past;

4.     Loss of earning capacity in the future;

5.     Property damage and loss of use of Plaintiff's vehicle;

6.     Physical pain and suffering in the past;

7.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.     Mental anguish suffered in the past;

9.     Mental anguish which, in all reasonable probability, will be suffered in the future;

10.    Physical impairment suffered in the past; and

11.    Physical impairment which, in all reasonable probability, will be suffered in the future.

B.     Plaintiff's claim for under insured motorist benefits under Policy No. 9401421766, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on October 14, 2013, is covered under the Insurance Policy;

C.     Plaintiff also seeks a declaration determining the amount of under insured motorist benefits that she is entitled to recover from Defendant Amica

Mutual Insurance Company, after all applicable set-offs and credits, for each of

the following elements of damages covered under the Insurance Policy:

1.   Reasonable and necessary health care expenses incurred in the past;

2.   Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.   Lost wages in the past;

4.   Loss of earning capacity in the future;

5.   Property damage and loss of use of Plaintiff's vehicle;

6.   Physical pain and suffering in the past;

7.   Physical pain and suffering which, in all reasonable probability, will be endured in the future;

8.   Mental anguish suffered in the past;

9.   Mental anguish which, in all reasonable probability, will be suffered in the future;

10.  Physical impairment suffered in the past; and

11.  Physical impairment which, in all reasonable probability, will be suffered in the future.

Pursuant to §37.009 of the Texas Civil Practice and Remedies Code,

Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are

equitable and just, which are incurred or which may be incurred in this matter

including all such fees and expenses:

a.   For preparation and trial;

b.   For an appeal to the Court of Appeals;

c.   For making or responding to an application for writ of error to

the Supreme Court of Texas; and

d.   If application for writ of error is granted by the Supreme Court of Texas.

Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant Amica Mutual Insurance Company and for a declaration of her rights to such benefits and judgment against Defendant.

## VIII.  DAMAGES

Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the under insured motorist, Plaintiff is entitled to recover at least the following damages from Defendant Amica Mutual Insurance Company:

a.   Reasonable and necessary health care expenses incurred in the past;

b.   Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

c.   Lost wages in the past;

d.   Loss of earning capacity in the future;

e.   Property damage and loss of use of Plaintiff's vehicle;

f.   Physical pain and suffering in the past;

g.   Physical pain and suffering which, in all reasonable probability, will be endured in the future;

h.   Mental anguish suffered in the past;

i.     Mental anguish which, in all reasonable probability, will be suffered in the future;

j.     Physical impairment suffered in the past; and

k.     Physical impairment which, in all reasonable probability, will be suffered in the future.

## IX.  ATTORNEYS' FEES

Because of the conduct of Defendant, Plaintiff has been forced to engage the services of an attorney to prosecute this action.  Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.  Therefore, an award of reasonable attorneys' fees is authorized by §37.009 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

## X.  INTEREST

Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## XI.  U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII.  REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fee.

## XIII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE the

Defendant is requested to disclose, within fifty (50) days of service of this

request, the information or material described in Rule 194.2 (a)-(l).

## XIV.  DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendant

Plaintiff's First Set of Interrogatories, First Request for Admissions, and First

Request for Production to Defendant Amica Mutual Insurance Company

## XV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiff's damages as allowed by law;

10.     All costs of court; and

11.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY:_/s/ Javier Gonzalez_
**JAVIER GONZALEZ**
State Bar No. 24027331
jgonzalez@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**AMICA MUTUAL INSURANCE COMPANY**
**SERVING ITS REGISTERED AGENT, ROBERT R. FOSS JR.**
**2277 PLAZA DRIVE #400**
**SUGAR LAND TX  77479**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and **SECOND AMENDED** petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court  **24th day of August, 2015** against

**EDUARDO VARGAS-REYES; AMICA MUTUAL INSURANCE COMPANY AND CAROLINA J. GLENN**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of September, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By /s/ Shelia Bradley
_____, Deputy
      SHELIA BRADLEY



---

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
**vs.**
**EDUARDO VARGAS-REYES, etal**

ISSUED THIS
**9th day of September, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy
_____

**Attorney for Plaintiff**
AMY K WITHERITE
3100 MONTICELLO AVE
SUITE 500
DALLAS TX  75205
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

 vs.

EDUARDO VARGAS-REYES, et al


Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.


| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.


_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CAROLINA J. GLENN**
**2427 ALLEN STREET, # 223**
**DALLAS, TX 75204**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and **SECOND AMENDED** petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court  **24th day of August, 2015** against

**EDUARDO VARGAS-REYES; AMICA MUTUAL INSURANCE COMPANY AND CAROLINA J. GLENN**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of September, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By___/s/ Shelia Bradley_____, Deputy
         SHELIA BRADLEY

---

**ESERVE**

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
**vs.**
**EDUARDO VARGAS-REYES, etal**

ISSUED THIS
**9th day of September, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SHELIA BRADLEY, Deputy

_____

**Attorney for Plaintiff**
AMY K WITHERITE
3100 MONTICELLO AVE
SUITE 500
DALLAS TX  75205
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

 vs.

EDUARDO VARGAS-REYES, et al


Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.


| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.


_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/25/2015 4:32:40 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 54 of 64   PageID 64

Dianne Coffey

## CAUSE NO. DC-15-03183

| | | |
|---|---|---|
| FELICIA D. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EDUARDO REYES VARGAS; AMICA | § | |
| MUTUAL INSURANCE COMPANY AND | § | |
| CAROLINA J. GLENN | § | |
| | § | |
| | § | |
| **Defendants.** | § | 193rd JUDICIAL DISTRICT |

## RETURN OF SERVICE

Came to hand on the *14TH* day of *SEPTEMBER*, 2015 at *10:15 A*.m. and executed at *7440 WARREN PARKWAY, SUITE 150, FRISCO, TEXAS 75034*,

         (Address)          (Apt#)         (City)      (State)    (Zip Code)

within the county of *COLLIN* on the *21ST* day of *SEPTEMBER*, 2015 at *10:31 A*.m. by delivering to **Carolina J. Glenn**, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Second Amended Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _____

          Private Process Server

SCH# *196*   Expires: *7/31/17*

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared *James N. Bennett* known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this *22* day of *September*, 2015.

_____

Notary Public, State of Texas



ALLISON KATZ
Notary Public, State of Texas
My Commission Expires
May 18, 2019

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CAROLINA J. GLENN**
**2427 ALLEN STREET, # 223**
**DALLAS, TX 75204**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **SECOND AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court **24th day of August, 2015** against

**EDUARDO VARGAS-REYES; AMICA MUTUAL INSURANCE COMPANY AND CAROLINA J. GLENN**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of September, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By /s/ Shelia Bradley _____, Deputy
SHELIA BRADLEY

---

**ESERVE**

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
**vs.**
**EDUARDO VARGAS-REYES, etal**

ISSUED THIS
**9th day of September, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SHELIA BRADLEY, Deputy

---

**Attorney for Plaintiff**
AMY K WITHERITE
3100 MONTICELLO AVE
SUITE 500
DALLAS TX 75205
214-378-6665

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

vs.

EDUARDO VARGAS-REYES, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
10/2/2015 9:11:40 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 57 of 64   PageID 67

Dianne Coffey

### Cause No. DC-15-03183

| | |
|---|---|
| FELICIA D. DAVIS | IN THE DISTRICT COURT |
| VS. | 193rd JUDICIAL DISTRICT |
| EDUARDO VARGAS-REYES; AMICA MUTUAL INSURANCE COMPANY AND CAROLINA J. GLENN | DALLAS COUNTY, TEXAS |

### RETURN OF SERVICE

Came to hand on the __17__ day of __SEPTEMBER__, 2015 at __7:30__ A.m. and executed at __2277 PLAZA DRIVE #400__  __SUGARLAND__   __TX__   __77479__.
  (Address)                    (Apt#)          (City)        (State)      (Zip Code)
within the county of __FORT BEND__ on the __23__ day of __SEPTEMBER__, 2015 at __3:43__ P.m. by delivering to **Amica Mutual Insurance Company**, by serving its registered agent, Robert R. Foss Jr., a true copy of the Citation together with a true and correct copy of the Plaintiff's Second Amended Petition, Request for Disclosure, First Set of Interrogatories, First Request for Admissions, and First Request for Production to Defendant filed in this cause, having first endorsed thereupon the date of delivery.

By: Christine Katsouros
Private Process Server

SCH# 11196   Expires: 10-31-17

### VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared CHRISTINE KATSOUROS known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this __28th__ day of __SEPTEMBER__, 2015.

Notary Public, State of Texas



CLARK R. DICKENSCHEIDT
My Commission Expires
August 01, 2019

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**AMICA MUTUAL INSURANCE COMPANY**
**SERVING ITS REGISTERED AGENT, ROBERT R. FOSS JR.**
**2277 PLAZA DRIVE #400**
**SUGAR LAND TX 77479**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **SECOND AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FELICIA D. DAVIS**

Filed in said Court **24th day of August, 2015** against

**EDUARDO VARGAS-REYES; AMICA MUTUAL INSURANCE COMPANY AND CAROLINA J. GLENN**

For Suit, said suit being numbered **DC-15-03183,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, INTERROGATORIES, REQ FOR ADMISSIONS AND REQ FOR PRODUCTION,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of September, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By /s/ Shelia Bradley                    , Deputy
     SHELIA BRADLEY

---

**ESERVE**

# CITATION

## DC-15-03183

**FELICIA D DAVIS**
vs.
**EDUARDO VARGAS-REYES, etal**

ISSUED THIS
9th day of September, 2015

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SHELIA BRADLEY, Deputy

---

**Attorney for Plaintiff**
AMY K WITHERITE
3100 MONTICELLO AVE
SUITE 500
DALLAS TX 75205
214-378-6665

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# `OFFICER'S RETURN`

Case No. : DC-15-03183

Court No.193rd District Court

Style: FELICIA D DAVIS

vs.

EDUARDO VARGAS-REYES, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____.

within the County of _____at _____o'clock_____.M. on the _____day of_____,

20_____. by delivering to the within named _____

_____

each. in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____  _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____.

FILED
DALLAS COUNTY
10/9/2015 11:14:14 AM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

Case 3:15-cv-03382-D   Document 1-1   Filed 10/20/15   Page 60 of 64   PageID 70

AMI.22603

## CAUSE NO. DC-15-03183

| | | |
|---|---|---|
| **FELICIA D. DAVIS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | |
| **EDUARDO VARGAS-REYES;** | § | **193RD JUDICIAL DISTRICT** |
| **AMICA MUTUAL INSURANCE** | § | |
| **COMPANY AND** | § | |
| **CAROLINA J. GLENN** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **AMICA MUTUAL INSURANCE COMPANY** and **CAROLINA J. GLENN**, Defendants in the above-entitled and numbered cause, and file this Original Answer to Plaintiff's pleadings on file herein, and in support thereof would respectfully show the Court as follows:

### I.

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants deny generally each and every allegation and statement contained in *Plaintiff's Second Amended Petition and Request for Disclosure, First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants,* and any further amendments to Plaintiff's pleadings, and demand strict proof thereof.

### II.

For further answer, Defendants specifically deny that all conditions precedent to recovery have been met.

**DEFENDANTS' ORIGINAL ANSWER**                                    **Page - 1**    1 of 5

III.

For further answer, if necessary, Defendants specifically deny that they have breached any contract with Plaintiff, and would show that Plaintiff's claims are controlled and limited by the Texas Supreme Court's holding in *Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006) and subsequent cases.  As such, Plaintiff is not entitled to recovery of attorney's fees in connection with this matter.

IV.

For further answer, Defendants affirmatively assert and plead the defense of contributory negligence/comparative responsibility.

V.

For further answer, Defendants invoke the provisions of Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE limiting Plaintiff's recovery of medical or healthcare expenses to the amount actually paid or incurred.  Further, pursuant to Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, any evidence of economic loss, including lost wages, loss of earning capacity and a loss of contributions of a pecuniary value, must be in a form of a net loss after reduction for federal income tax payments or unpaid tax liability.

VI.

For further answer, Defendants affirmatively assert and plead that Plaintiff's injuries and damages, if any, were caused by or due to conditions, incidents or events which pre-existed the incident made the basis of this suit.

## VII.

For further answer, Defendants affirmatively assert and plead that Plaintiff's injuries and damages, if any, were caused by or due to conditions, incidents or events which occurred after the incident made the basis of this suit.

## VIII.

Defendants further plead that they are entitled to all off-sets and credits against damages as may be allowed by the subject insurance policy and/or applicable law.

## IX.

Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants request a trial by jury and would show that the jury fee is being paid on their behalf concurrently with the filing of this answer.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiff take nothing by this suit, that Defendants recover their costs, and for such other and further relief, both at law and in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**

By:    */s/ Paul W. Bennett*
          **PAUL W. BENNETT**
          State Bar No. 00787071
          paul.bennett@fletcherfarley.com
          **ALEX J. BELL**
          State Bar No. 24069359
          alex.bell@fletcherfarley.com
          9201 N. Central Expwy., 6th Floor
          Dallas, Texas 75231
          214-987-9600 (telephone)
          214-987-9866 (facsimile)

          **ATTORNEYS FOR DEFENDANTS
          AMICA MUTUAL INSURANCE COMPANY
          AND CAROLINA J. GLENN**

## CERTIFICATE OF SERVICE

This Will Certify that a true and correct copy of the foregoing instrument has been mailed, electronically served, telecopied or hand delivered to all attorneys of record in this cause of action on the 9th day of October, 2015.

          /s/Paul W. Bennett
          **PAUL W. BENNETT**

## VERIFICATION

THE STATE OF TEXAS    )
                      )
COUNTY OF DALLAS      )

     **BEFORE ME**, the undersigned Notary Public, on this day personally appeared **PAUL W. BENNETT**, who being by me duly sworn on his oath deposed and said that he is the attorney of record for the Defendants, and that he is duly qualified and authorized in all respects to make this Affidavit; that he has read Paragraphs II and III of the above and foregoing Defendants' Original Answer; and that every statement contained therein is within his knowledge and is true and correct.

_____
PAUL W. BENNETT

     **SWORN TO AND SUBSCRIBED BEFORE ME** on this the 9th day of October, 2015, to certify which witness my hand and seal of office.



YOLANDA J. RODRIGUEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Oct. 15, 2017

_____
NOTARY PUBLIC IN AND/FOR
THE STATE OF TEXAS

Yolanda J. Rodriguez
_____
**(Printed Name of Notary Public)**

My Commission Expires:   **10-15-2017**