**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FELICIA D. DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **C.A. No. 3:15-CV-03382-D** |
| EDUARDO VARGAS-REYES; AMICA | § | |
| MUTUAL INSURANCE COMPANY and | § | |
| CAROLINA J. GLENN, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF FELICIA D. DAVIS'S MOTION TO REMAND AND BRIEF IN SUPPORT

Plaintiff FELICIA D. DAVIS files this Motion to Remand and Brief in Support, asking that the instant action be remanded to the 193rd Judicial District Court of Dallas County, Texas.

## I.  BACKGROUND

This lawsuit was originally filed in the 193rd Judicial District Court of Dallas County, Texas. Plaintiff Felicia Davis originally only named Eduardo Vargas-Reyes as a defendant, alleging that Mr. Vargas-Reyes negligently caused a motor vehicle accident that proximately caused her to suffer injuries and damages. *See* Doc. 1-1, at pp. 5-6. Plaintiff added Amica Mutual Insurance Company and its claims adjuster, Carolina J. Glenn, as parties via Plaintiff's First Amended Petition. *See* Doc. 1-1, at pp. 23-24. Ms. Davis sought recovery from Amica Mutual and Glenn via Declaratory Judgment action to recover under-insured motorist benefits to which Ms. Davis was entitled as a result of the damages she sustained in the collision with Defendant Vargas-Reyes. *See* Doc. 1-1, at pp. 27-28. As of the filing of Plaintiff's First Amended Petition, Plaintiff had settled

her claims with Vargas-Reyes. *See* Doc. 1-1, at pp. 24. However, he remained a party to the case as no order of dismissal had been entered.

On October 20, 2015, Amica Mutual filed a Notice of Removal. *See* Defendant's Notice of Removal, Doc. 1. Amica Mutual seeks removal based on federal diversity jurisdiction, arguing that (1) its employee-adjuster Carolina J. Glenn, who is a Texas citizen, was improperly joined; and (2) settled party Vargas-Reyes's Texas citizenship should be disregarded, as he is "effectively" no longer a party. Doc. 1. Plaintiff's Second Amended Petition was the current pleading as of the filing of Defendants' Notice of Removal. *See* Doc 1-1, pp. 39-49.

## II.  CONTENTIONS OF LAW AND FACT

Plaintiff contends that complete diversity of citizenship does not exist in this case because Plaintiff is a Texas citizen and Defendant Vargas-Reyes is a Texas Citizen. Although all claims that Plaintiff brought against Vargas-Reyes have been settled by agreement, challenges to subject-matter jurisdiction premised upon diversity must be measured against the state of facts that existed at the time of filing – and at the time of filing, Vargas-Reyes was an active party in the action. Moreover, even if this Court concludes that jurisdictional defects may be cured by dismissing a non-diverse party, the state district court has never entered an order dismissing the claims against Vargas-Reyes. As such, his Texas citizenship cannot be disregarded. For these reasons, this Court does not have subject matter jurisdiction, and the case must be remanded.

## III.  ARGUMENT AND AUTHORITIES

Federal district courts have original jurisdiction over all civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28

U.S.C. § 1332. Seeking to establish complete diversity of citizenship, Defendant Amica Mutual contends that it is duly organized, incorporated, and existing under the law of the State of Rhode Island, with its principal place of business in the State of Rhode Island. Doc. 1, p. 1. Amica Mutual acknowledges that Defendant Vargas-Reyes is alleged to be a citizen of Texas and produces no evidence otherwise. However, Amica Mutual argues that Vargas-Reyes's citizenship is "not relevant" since Plaintiff's claims against him have been settled. Doc. 1, p. 2.

To determine whether jurisdiction is present for removal, the Court must consider the claims in the state court petition, construing any ambiguities against removal, because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

It has long been the case that the jurisdiction of the court depends upon the "state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-71, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004). This time-of-filing rule measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing, whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. *Id.* Courts adhere to the time-of-filing rule regardless of the costs it imposes. *Id.*

In *Aetna Cas. & Sur. Co. v. Hillman*, the removing party argued that the district court should have allowed it to demonstrate that GECC, after settling the case, was no longer a real party in interest such that complete diversity would exist without amendment of the complaint. *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986). The Court noted that the citizenship of a party at the commencement of the

action is controlling for purposes of determining diversity jurisdiction, and subsequent actions do not affect the court's jurisdiction. *Id.* Because there was not complete diversity of citizenship at the commencement of the suit, the federal district court concluded that it had no subject matter jurisdiction. *Id.; But see Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 911 (5th Cir. 2000)(finding settlement agreement effectively eliminated Sweeney as nondiverse defendant, and permitting removal).

In the current matter, Eduardo Vargas-Reyes, like Plaintiff, is a citizen of Texas. Vargas-Reyes was indisputably a party at the commencement of the action, and as such, there was not complete diversity of citizenship at the commencement of the suit. But further, Vargas-Reyes is still a party, despite an agreement to settle, as there has never been an order dismissing Vargas-Reyes or Plaintiff's claims against him. Consequently, the federal district court lacks subject matter jurisdiction over this matter.

## IV.  CONCLUSION

There was not complete diversity of citizenship when the case was commenced; nor, is there complete diversity of citizenship now. Therefore, this Court lacks subject matter jurisdiction, and the case must be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff FELICIA D. DAVIS respectfully prays that her motion to remand be granted; that this case be remanded to 193rd Judicial District Court of Dallas County, Texas; and, that she be awarded any further relief to which she may be justly entitled, whether at law or in equity.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

By:     *s/ Javier Gonzalez*
        **JAVIER GONZALEZ**
        State Bar No. 24027331
        jgonzalez@ewlawyers.com
        **AMY K. WITHERITE**
        State Bar No. 00788698
        awitherite@ewlawyers.com
        3100 Monticello Avenue, Suite 500
        Dallas, Texas 75205
        214/378-6665
        214/378-6670 (fax)

        **Attorneys for Plaintiff**

<u>**CERTIFICATE OF SERVICE**</u>

This will certify that I have this 19th day of November 2015 electronically filed *Plaintiff Felicia D. Davis's Motion to Remand and Brief in Support,* using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record, as follows:

Paul W. Bennett
Alex J. Bell
Fletcher, Farley, Shipman, & Salinas, L.L.P.
9201 North Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 (Fax)

*s/ Javier Gonzalez*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned counsel hereby certifies that he conferred with Paul W. Bennett, counsel for Defendant Amica Mutual on November 19, 2015. Counsel was opposed to the motion. Agreement could not be reached on the legal issues regarding whether removal was proper.

*s/ Javier Gonzalez*