IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELECIA D. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3382-D |
| VS. | § | |
| | § | |
| EDUARDO VARGAS-REYES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Felecia D. Davis ("Davis") moves to remand this removed case based on lack of complete diversity. For the reasons that follow, the court denies the motion.[1]

Davis filed suit in Texas state court to recover against defendant Eduardo Vargas-Reyes ("Vargas") for personal injuries arising from a motor vehicle collision. After Davis settled with Vargas, she filed a first amended petition in which she added as defendants her insurer, Amica Mutual Insurance Company ("Amica"), seeking underinsured motorist coverage, and Carolina J. Glenn ("Glenn"), whom she alleged was the Amica adjuster[2] who had declined to make an offer on Davis' underinsured motorist claim. Shortly thereafter, she

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Davis refers to Glenn in her state-court pleadings as Amica's "agent." The notice of removal and motion to remand both refer to Glenn as an adjuster, and Davis does not appear to dispute Amica's assertion that Glenn is an Amica employee-adjuster.

filed a second amended petition in which she named all three as defendants, asserting again that her claims against Vargas had been settled.  Amica removed the case to this court within 30 days of being served with the second amended petition.[3]  It alleged in its notice of removal that the Texas citizenship of Vargas should be disregarded because Davis admitted that she had settled her claims against him.  Amica asserted that Glenn's Texas citizenship should be disregarded because she had been improperly joined as a defendant.  Because Amica is a citizen of Rhode Island, it contended in its notice of removal that removal was proper based on diversity of citizenship between Davis and Amica.

Davis moves to remand.  She contends that even though she settled with Vargas, diversity of citizenship is determined as of the time she originally filed suit in Texas, meaning that Vargas' Texas citizenship precludes removal.  Davis also maintains that, even if the court concludes that jurisdictional defects can be cured by dismissing a nondiverse party, the state court has never entered an order dismissing her claims against Vargas, so his Texas citizenship cannot be disregarded.  Davis does not move to remand based on Glenn's Texas citizenship.  Amica has not responded to Davis' motion.[4]

Davis incorrectly relies on the premise that diversity of citizenship is only determined as of the time she filed suit in Texas state court.  "[T]he propriety of removal is usually determined by examining the case at the time of removal[.]"  *Burnett v. Petroleum Geo-*

---

[3]It is undisputed that the one-year limitation on removal does not apply.

[4]Davis filed her motion on November 19, 2015.  Amica's response was due no later than December 10, 2015.  *See* N.D. Tex. Civ. R. 7.1(e).

*Servs., Inc.*, 2013 WL 1723011, at \*1 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.).  "[A] case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case."  *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 911 (5th Cir. 2000) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995)).  A binding and enforceable settlement agreement, for example, can remove a nondiverse defendant and make the balance of the case removable.  *See Estate of Martineau*, 203 F.3d at 910.

Here, as in her state-court first amended petition, Davis alleged in her second amended petition (her live pleading) that her claims against Vargas had been settled.  Under Texas law, this is a binding judicial admission because it is a clear, deliberate, and unequivocal statement in a live pleading.  *See, e.g., Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996).  Accordingly, Davis admitted that she had undertaken a voluntary act that eliminated Vargas—a nondiverse defendant—from the case.  And because in her motion to remand Davis does not address (much less challenge) Amica's assertion that Glenn's citizenship should be disregarded based on improper joinder, Davis has not demonstrated on this basis that the properly-joined parties were not completely diverse at the time this case was removed.

Accordingly, Davis' November 19, 2015 motion to remand is denied.

**SO ORDERED**.

December 17, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE